**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TAIR JONES, | Case No. 1:11-cv-228 |
| Plaintiff, | Beckwith, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this social security case has been referred to the undersigned magistrate judge for initial review and a report and recommendation. On June 12, 2012, the undersigned recommended that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. §405(g). No objections to that Report and Recommendation were filed, and it was adopted as the opinion of the Court on July 9, 2012. (Docs. 12, 13).

On September 23, 2013, Plaintiff filed a motion seeking a total of $3,339.69 in attorney's fees and costs pursuant to 42 U.S.C. §406(b). (Doc. 16). On September 30, 2013, the parties filed a joint stipulation for an award of fees under the EAJA, representing their agreement that Plaintiff is entitled to a fee award in the amount of $3,100.00 for all "fees, costs, and expenses under 28 U.S.C. §2412 in this case." (Doc. 17).

On October 1, 2013, Defendant moved to strike that stipulation, noting that the stipulation erroneously agrees to a fee award under the EAJA, but that Plaintiff's motion sought fees under 42 U.S.C. §406(b) and not the EAJA. The chief differences between the two fee provisions concern time limitations on filing,[1] and the source of payment. If fees are awarded under the EAJA, the Defendant pays the fee, but for a fee award under §406(b), the Defendant makes no payment. Instead, a §406(b) award is paid from, and thereby directly reduces, the total award previously made to the successful disability claimant as a result of his or her success following remand from this Court. The Defendant's motion to strike acknowledges that the Defendant does not oppose Plaintiff's claim for an award made pursuant to §406(b).[2]

As stated, Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as

---

[1] An EAJA motion must be filed within 30 days of the date that final judgment is entered by this Court. 28 U.S.C. §2412(d)(1)(b); (d)(2)(G). By contrast, most courts have determined that the time frame for filing a petition for fees pursuant to §406(b) is governed by Rule 54(d)(2), Fed. R. Civ. P., which requires that any motion for attorney's fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute." Based on the Judgment date of July 9, 2012, that 14-day period has long expired, rendering the present motion time-barred. To avoid this harsh result, other courts have applied Rule 54(d)(2) in combination with equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b). *See, e.g., Walker v. Astrue*, 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Com'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006). Although the Sixth Circuit has yet to decide the issue, courts within this circuit have also applied equitable tolling. *See Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007); *Reynolds v. Com'r of Soc. Sec.*, 2013 WL 3187976, ___F.R.D. ___ (W.D. Mich., June 21, 2013); *Proctor v. Com'r of Soc. Sec.*, Case No. 09-cv-127, 2013 WL 308730 (Jan. 25, 2013)(R&R applying equitable tolling where §406(b) motion filed just two days after receipt of Notice of Award, adopted on Feb. 19, 2013 at 2013 WL 607968 by Beckwith, J.) In light of the paucity of Sixth Circuit case law and the relative recency of the Notice of Award dated June 25, 2013, equitable tolling is appropriate in this case.

[2] As other courts have noted, given the lack of any financial incentive to do so, it is relatively unusual for

2

a result of the appeal. 42 U.S.C. § 406(b). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *See Lowery v. Com'r of Soc. Sec.*, Case No. 3:10-cv-427, ___F.Supp.2d ___, 2013 WL 837317 (S.D. Ohio March 6, 2013), (*citing Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002)).

Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would ... enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In the present case, the undersigned recommends that Plaintiff's full requested fee be awarded. The record reflects that the claimed fee of $3,339.69 represents 20.5 hours of work in this court, or an approximate hourly rate of just $162.91. That rate is presumptively reasonable. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990) for proposition that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable...."); c*ompare Edwards v. Com'r of Soc. Sec.*, Case No. 1:08-cv-815, 2011 WL 1002186 (S.D. Ohio March 16, 2011)(Dlott,

---

the Commissioner to oppose a §406(b) motion.

J., approving calculated hourly rate of $312.26 as "less than twice the $165 hourly rate approved by this Court in the award of fees under the EAJA."); *Jones v. Astrue*, Case No. 09-cv-802012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012)(recommending the reduction of an effective hourly rate under a contingency agreement, from $750.00 to $360.00), adopted at 2012 WL 3763909 (S.D. Ohio, Aug. 29, 2012)(Rice, J.).

There have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee.  Quite to the contrary, Plaintiff was well represented by counsel in this case.

It is therefore **RECOMMENDED THAT:**

1. Defendant's motion to strike the Stipulation (Doc. 18) be **GRANTED in part,** insofar as the stipulation will remain a part of this record for the convenience of any reviewing court, but has not been considered by the undersigned magistrate judge in ruling on the motion for fees;

2. The unopposed motion for § 406(b)(1)(A) fees (Doc. 16) be **GRANTED,** with Plaintiff's counsel to be awarded $3,339.69.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TAIR JONES,   Case No. 1:11-cv-228

    Plaintiff,   Beckwith, J.
                                                                                                                          Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).